ESTHER PINA *vs.* McGILL DEVELOPMENT CORP. March 5, 1982. In its appeal from a judgment for the plaintiff, the defendant claims that the judge erred in excluding certain evidence, that the prosecution of this action constitutes a fraud upon the court, and that the judge erred in denying its motion for relief from judgment on the ground of fraud. Mass.R. Civ.P. 60(b)(3), 365 Mass. 828 (1974). We conclude that the defendant's claims do not warrant reversal and affirm the judgment.

1. The trial judge ruled as matter of law that the defendant, the lessor under a lease with the plaintiff's employer as lessee, had control of the parking lot where the plaintiff alleged she slipped on snow and ice as a result of the defendant's negligence. The defendant does not claim error in this ruling but claims that, in order to show that it acted reasonably in not plowing, it should have been permitted (a) to introduce evidence that a corporation with a similar name (McGill Construction Corp.) offered a snow removal contract to the lessee (plaintiff's employer) and that the lessee declined to enter into the snow removal contract; and (b) to introduce through its president, Robert L. McGill, evidence that the plaintiff's employer orally acknowledged its obligation to remove snow from the parking area.

1a. The trial judge did not abuse his discretion in refusing, on the ground of relevancy, to permit evidence of the defendant's (if it was the defendant's) snow removal contract offer. The offer, and its rejection by the lessee, bore on the question whether the defendant acted reasonably in relation to the lessee's obligation under the lease to *pay for the cost* of snow removal. The evidence had little, if any, probative worth on the issue of the lessor's reasonable care in performing its own snow removal duties. Moreover, the judge, in his discretion, could have concluded that the probative weight of the evidence was outweighed by the confusion or undue consumption of time entailed in trial of the collateral issue of the lessee's duty to pay and its rejection of the offer of McGill Construction Corp. The judge's conclusion that the evidence was not relevant, that is, that it did not meet the "blend" of factors making up the "legal concept of relevancy," see Liacos, Massachusetts Evidence 408-411 (5th ed. 1981), was not erroneous.

1b. The alleged acknowledgment of responsibility for plowing the parking lot by the plaintiff's employer was properly rejected for the reason, if no other, that as to the plaintiff it was inadmissible hearsay.[1] See 4 Wigmore, Evidence § 1076(3), at 155-156 (Chadbourn rev. 1972).

2. The defendant claims it should have been permitted to introduce claim requests which were submitted to the Industrial Accident Board on behalf of the plaintiff by an attorney, other than the one representing her at trial, to show that on a prior occasion she had reported the same acci-

---

[1] The fact that the employer was a third-party defendant (defaulted prior to trial) does not change this conclusion.

dent as occurring on the steps of the building and not in the parking lot. The defendant was permitted to introduce the claim form prepared by the employer for the Industrial Accident Board from information given by the plaintiff, leaving off only the portion that indicated it was an insurance form. The form showed that the plaintiff had earlier claimed the accident occurred on the steps. In addition, staff admission notes (part of a hospital record) were introduced in which it was stated that the plaintiff fell on the stairs of a building. Thus, evidence of the plaintiff's prior inconsistent statements as to where the accident occurred had been admitted and additional evidence to that effect would have been merely cumulative. Moreover, as the judge pointed out in his denial of the defendant's posttrial motions, there was no evidence that the attorney had authority from the plaintiff to submit the statement to the insurer, nor did the statement purport to be hers.

3. The judge at trial and in denying the defendant's posttrial motions rejected the argument that the plaintiff's prosecution of the action constituted a fraud on the court. It was not established that the plaintiff's recovery under workmen's compensation depended on the accident's occurring on the steps rather than in the parking lot. The judge, after questioning counsel for the plaintiff, was satisfied that the workmen's compensation carrier would recover the amounts paid by it from the judgment at bar. There is nothing to indicate that the judge abused his discretion, either at trial or after hearing the defendant's posttrial motions, in refusing to find that a fraud had been committed upon the court.

*Judgment affirmed.*

*Vincent Galvin (Robert E. Riley* with him) for the defendant.
*William H. Shaughnessy (Robert W. Levy* with him) for the plaintiff.